UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JOHN G. WESTINE                                                          PETITIONER

v.                                          CIVIL ACTION NO. 4:15-CV-P56-JHM

JAILER, GRAYSON COUNTY JAIL                          RESPONDENT

**MEMORANDUM OPINION**

The petitioner, John G. Westine, filed this *pro se* action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus and filed an application to proceed without prepayment of fees. The Court denied the application to proceed without prepayment of fees because the application revealed an average monthly deposit to the petitioner's inmate trust account of over $71.00, *i.e.*, more than 14 times the $5.00 filing fee. Thus, the Court ordered the petitioner to pay the filing fee within 30 days of entry of that Order.

Instead of paying the filing fee as he was ordered to do, the petitioner filed a response stating that about half of the money deposited monthly to his inmate trust account goes to paying fees in another case and that he uses the remaining money each month for toiletries and food. He asserted, "If this court deems it needs the $5.00 more than Westine needs for food and hygene items then order the Jailer to deduct $5.00 from Westine's inmate account and send it to the court with my humble apology, okay?"

By Order entered June 15, 2015, the Court explained that it is not the Court's duty to collect the filing fee; it is the petitioner's duty to pay it. The Court ordered the petitioner to pay the $5.00 filing fee within 21 days of entry of that Order. That Order warned the petitioner that failure to comply fully and timely would result in dismissal of this action.

More than 21 days have passed, and Plaintiff has failed to pay the filing fee. Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Therefore, by separate Order, the Court will dismiss the instant action. *See* Fed. R. Civ. P. 41(b) (governing involuntary dismissal).

Date: July 14, 2015

                                                      **Joseph H. McKinley, Jr., Chief Judge**
                                                      **United States District Court**

cc: Petitioner, *pro se*
4414.009